DANIELS and BRADY, JJ., concur, the latter in the result.

---

HOGUET *et al. v.* BERKMAN *et al.*

(*Supreme Court, General Term, First Department.*    July 9, 1889.)

1. FRAUD—EVIDENCE.
    Plaintiffs sued for goods sold and delivered, and alleged that defendants had obtained the goods by fraudulent misrepresentations, and had also disposed of property with intent to defraud their creditors.    These issues were tried together, and evidence of declarations of one S., in whose possession some of the property was found, tending to throw doubt on the *bona fides* of the alleged purchase of the property by him from defendants, was admitted.    Defendants were not present when these statements were made, and there was no proof of a conspiracy between them and S.    *Held*, that the admission of the evidence was error, the declarations being *res inter alios acta.*

2. SAME.
    For the same reason it is error in such case to admit in evidence the judgment record in an action brought by S. against one of defendants' creditors for the seizure of the goods thus discovered, under attachment against defendants.

3. SAME.
    It cannot be said that the admission of the improper evidence referred to was not prejudicial to defendants, as well on the issues of the existence of the debt and the fraud in the representations as on that of the fraudulent disposition of defendants' property, and hence a verdict for plaintiffs will be set aside as to all the issues.

Appeal from circuit court, New York county.

Action by Robert J. Hoguet, John C. Wilmerding, and John Currie Wilmerding against Joseph Berkman and Pincus Rosen, for goods sold and delivered.    Charges of fraud were also made in the complaint, and defendants were arrested thereon.    There was a verdict and judgment for plaintiffs, and defendants appeal.

Argued before VAN BRUNT, P. J., and DANIELS and BARRETT, JJ.

*Max Altmayer, Joseph Kohler,* and *Otto Horwitz,* for appellants.    *Blumenstiel & Hirsch,* for respondents.

BARRETT, J.    The action was for goods sold and delivered.    Under the new provisions of the Code, the plaintiffs added to their complaint charges of fraud.    These charges were twofold:    *First,* that the goods were obtained by means of fraudulent representations; and, *second,* that after the delivery of the goods the defendants made a fraudulent disposition of their property.    The defendants admitted the sale and delivery of the goods, but denied the charges of fraud.    The jury, however, found against them on both of these issues, and the only question presented by this appeal is whether this civil conviction was

upon legal evidence.   The error principally complained of consisted in the admission of the declarations of one Solomon, in whose rooms goods belonging to the defendants were discovered.   These declarations were important, and highly prejudicial to the defendants.   They were made at the time of the discovery of the goods, but in the absence of the defendants.   We know of no principle which justified their admission.   They had no bearing upon the first issue of fraud, and they were incompetent upon the second.   Their admission is defended upon the conspiracy doctrine.   But there is not a particle of evidence to justify the premise.   The case was simply this:   A creditor—one Simmons—discovered certain goods in Solomon's rooms.   This creditor claimed that these goods belonged to the defendants, while Solomon insisted that they belonged to him, and that he had purchased them from the defendants.   Upon this naked state of facts, standing entirely alone, what Solomon then said, tending to throw doubt upon the *bona fides* of his possession, or to connect the defendants therewith, was plainly *res inter alios acta*, and inadmissible. It was also error to admit the judgment record in the action brought by Solomon against this creditor Simmons, for the seizure (under an attachment against these defendants) of the goods thus discovered.   The same principle is again applicable.   The defendants were neither parties nor privies, and they could not by a judgment between third persons be charged with a fraudulent concealment or disposition of property.   It is impossible to hold that these errors did not prejudice the defendants upon the question of fraudulent representation.   Upon that issue there was a direct conflict of testimony, in considering which these declarations and this judgment record may well have turned the scale.   A jury is apt to be guided by the broad general features of a case, and we cannot say, with any reasonable degree of legal certainty, that if the evidence in question had not been admitted the verdict upon the issue of fraud in contracting the debt would have been the same.   The difficulty is that the evidence colored the whole case, and tended most thoroughly to discredit the defendants.   We see no escape from the conclusion that this judgment and order should be reversed, and a new trial granted, with costs to the appellants to abide the event.   All concur.